UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 13-10048-GAO

TAMMY BENNETT,
Plaintiff,

v.

BARBARA COX, COX CO., INC., and ARBELLA PROTECTION INSURANCE CO.,
Defendants.

ORDER
July 22, 2013

O'TOOLE, D.J.

This case arises from a motor vehicle accident which caused the death of the plaintiff's husband. The plaintiff brings claims of negligence and wrongful death against Barbara Cox, the dumpster truck driver allegedly responsible for the accident, and her employer Cox. Co., Inc. The plaintiff also brings a claim against Arbella Protection Insurance Co. under M.G.L. c. 93A and 176D, claiming that it has, in bad faith, failed to make a reasonable offer of settlement. Arbella moves (dkt. no. 13) to sever and stay proceedings as to the claim against it pending the resolution of the underlying tort claims.

Arbella contends that the claim against it is premature and that the underlying tort claims should proceed first, pointing to several Massachusetts state court decisions granting stays of discovery as to bad faith claims against insurers. Arbella also contends that allowing discovery will compromise its defense efforts because protected and privileged information may be disclosed. The plaintiff opposes the motion, arguing that a stay is not necessary because her claim against Arbella is ripe, and a stay would prejudice her by delaying resolution of all claims.

Although the plaintiff correctly points out that Massachusetts law does not require that claims against insurers be stayed pending resolution of the underlying claims against the insured, it is also true that:

> there is a body of unpublished, single justice decisions from the Supreme Judicial Court and the Massachusetts Appeals Court that have, on interlocutory appeal, stayed proceedings and discovery in G.L. c. 93A litigation based upon G.L. c. 176D. These decisions note that a motion to sever G.L. c. 93A claims and stay discovery is routinely allowed, if only to prevent discovery of the insurer's impressions of the case based upon legal theory and privileged communications, and thereby prevent interference with the insured's right to be adequately defended.

Sanchez v. Witham, 2003 Mass. App. Div. 48, at *4 (Mass. Dist. Ct. 2003) (internal quotation marks omitted).

In this case, claims involving the underlying dispute which is the subject of the insurance policy at issue have been brought and are pending resolution. After weighing the possibility of unfair prejudice to either party and the interests of judicial economy, among other considerations, the Court determines that severing and staying the bad faith claim against Arbella is appropriate.

Arbella's Motion (dkt. no. 13) to sever and stay all proceedings and discovery as to the bad faith claim against it pending resolution of the tort claims against Barbara Cox and Cox Co., Inc., is GRANTED.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge